UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEON W BARROW,<br><br>            Plaintiff,<br><br>    v.<br><br>CLARK COUNTY JAIL, CLARK COUNTY SHERIFF, CORRECT CARE SOLUTIONS, CITY OF VANCOUVER, DANIEL GORECKI,<br><br>            Defendants. | CASE NO. 3:16-CV-05439-RBL-DWC<br><br>ORDER TO FILE AMENDED COMPLAINT |

Plaintiff Keon W. Barrow, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by August 12, 2016, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who was incarcerated in the Clark County Jail ("the Jail") at all relevant times, alleges his constitutional rights were violated after he was injured by his cellmate. Dkt. 11.

ORDER TO FILE AMENDED COMPLAINT - 1

Plaintiff contends his cellmate fell on him while attempting to climb onto the top bunk bed. *Id.* at p. 3. As a result of the fall, Plaintiff was knocked unconscious and broke his two front teeth. *Id.* Plaintiff states he was transported to the emergency room for treatment, but has not received further treatment since returning to the Jail. *Id.* Plaintiff further alleges the injuries would not have occurred if the Jail used a proper screening process for housing assignments. *Id.*

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

I.      **Personal Participation**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff names the following Defendants: Clark County Jail, Clark County Jail Administrator, Clark County Sheriff, CCS Correct Care Solutions, City of Vancouver, and Daniel Gorecki. *See* Dkt. 11. Plaintiff fails to state the alleged wrong-doing of any Defendant in this case. He provides only generalized statements alleging he was harmed as a result of the Jail's negligence and, after he was harmed, he was not provided proper medical care. *Id.* at p. 3. Plaintiff does not name the individuals involved in the denial of medical care or show how the named Defendants acted with deliberate indifference to his serious medical needs. The Court also notes several Defendants hold supervisory positions. *See* Dkt. 11. Plaintiff cannot bring a §1983 action against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

## II. Improper Defendants

### A. Clark County Jail

In the Complaint, Plaintiff names the Clark County Jail as a Defendant. Dkt. 11, p. 1. The Clark County Jail is not a legal entity capable of being sued under § 1983. Rather, Clark County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Clark County as a defendant or alleged facts to show Clark County is liable. *See* Dkt. 11. While Plaintiff alleges the Jail is negligent in its housing screening process, Plaintiff does not identify a policy, custom, or pattern implemented by Clark County which resulted in the depravation of Plaintiff's constitutional rights. *See* Dkt. 11. If Plaintiff seeks to sue Clark County, he must name Clark County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Clark County violated his constitutional rights.

B. <u>City of Vancouver</u>

In the Complaint, Plaintiff named the City of Vancouver as a Defendant. Dkt. 11. Plaintiff, however, challenges the conditions of his confinement while housed in a county, not city, jail. Plaintiff has alleged no facts showing the City of Vancouver has any liability in this case. Accordingly, Plaintiff must show cause why the City of Vancouver should not be dismissed from this action.

C. <u>CCS Correct Care Solutions and Daniel Gorecki</u>

Plaintiff also named CCS Correct Care Solutions and Daniel Gorecki as Defendants in this action. Dkt. 11, p. 3. Plaintiff does not link either Defendant to the alleged constitutional violations and, from the Complaint, the Court cannot determine if these two Defendants were acting under color of state law. In his amended complaint, Plaintiff must explain how CCS Correct Care Solutions and Daniel Gorecki are proper parties and liable under § 1983.

**III.    Instruction to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of

ORDER TO FILE AMENDED COMPLAINT - 5

1  the original complaint by reference. The amended complaint will act as a complete substitute for
2  the original Complaint, and not as a supplement. The Court will screen the amended complaint to
3  determine whether it contains factual allegations linking each defendant to the alleged violations
4  of Plaintiff's rights. The Court will not authorize service of the amended complaint on any
5  defendant who is not specifically linked to a violation of Plaintiff's rights.
6      If Plaintiff fails to file an amended complaint or fails to adequately address the issues
7  raised herein on or before August 12, 2016, the undersigned will recommend dismissal of this
8  action as frivolous pursuant to 28 U.S.C. § 1915.
9      Dated this 13th day of July, 2016.

David W. Christel
United States Magistrate Judge

ORDER TO FILE AMENDED COMPLAINT - 6